**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

| | | |
|---|---|---|
| TOMASA ORELLANA | : | |
| | : | |
| Plaintiff | : | Civil Action No. 1:19-CV-00080 (DKC) |
| | : | |
| v. | : | |
| | : | |
| ABSOLUTE SERVICE INDUSTRIES, LLC, *et al.* | : | |
| | : | |
| Defendants | : | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiff Tomasa Orellana ("Plaintiff"), jointly with Defendants Absolute Service Industries, LLC, Gregory R. Tucker, and Edwin Lopez (collectively referred hereto as "Defendants") (together, the "Parties"), by and through their respective attorneys, hereby notify the Court that the Parties have resolved this action and all claims raised in it, and stipulate to dismissal with prejudice of this action in its entirety pursuant to Fed. R. Civ. P. 41. Accordingly, the Parties jointly move the Court for entry of an Order approving the Parties' settlement and dismissing the claims raised in this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). The Parties also respectfully request that the Court waive a hearing on this Motion.

**I.    Background**

This case involved claims for alleged unpaid overtime wages under the FLSA, the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"). Plaintiff filed her Complaint against Defendants in the United States District Court for Maryland on January 9, 2019. Defendants filed their Answer on February 25, 2019. Thereafter on March 18, 2019, Plaintiff filed an Amended Complaint raising allegations regarding Defendants

failure to pay straight time wages to Plaintiff. The Parties engaged in some informal discovery regarding the hours Plaintiff worked and the nature of her duties. Then, the Parties negotiated and agreed to settle the matter rather than continue with litigation.

## II. Applicable Legal Principles

In the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, as is the case here, an employee may settle and release FLSA claims against the employer if the Parties present the Court with a settlement which the Court deems fair. Specifically, the Court must determine whether the proposed settlement "reflects a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions," which includes a finding with regard to: (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Fed. R. Civ. P. 23, and (3) the reasonableness of the attorney's fees, if included in the agreement. *Duprey v. Scotts Co., LLC*, 30 F. Supp. 3d 404 (D. Md. 2014) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982)).

As set forth below, the overall settlement reached by the Parties in this case reflects a reasonable compromise over disputed issues including, without limitation, the total number of overtime hours allegedly worked by Plaintiff, and the total unpaid straight time wages, thus allowing the Court to approve the settlement in order to promote the policy of encouraging settlement of litigation. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

## III. Agreement of the Parties and Fairness and Reasonableness of the Settlement

"When considering a motion to approve an FLSA settlement agreement, courts weigh a number of factors, including: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the

absence of fraud or collusion in the settlement; (4) the experience of counsel who [has] represented the plaintiff[ ]; (5) the probability of plaintiff's success on the merits[;] and (6) the amount of the settlement in relation to the potential recovery." *Saman v. LBDP, Inc.*, 2013 WL 2949047, *3 (D. Md. June 13, 2013).

In this case, the Plaintiff initially claimed a total of $22,400.00 in unpaid overtime wages. After review of the time records, Plaintiff's counsel discovered unpaid straight time and over-time wages totaling approximately $3,100.00. Defendants did not contest the inadvertent failure to pay these wages. Instead, Defendants solely challenged the application of the three-year statute of limitation and the imposition of liquidated and trebled damages. After extensive negotiations the Parties reached an agreement with Plaintiff receiving Fifty-Two Thousand Dollars ($51,000.00), which equals two times the unpaid overtime and straight time wages alleged by Plaintiff, with a payment plan, and separately negotiated the amount of attorneys' fees and costs to be paid. A copy of the Settlement Agreement is attached hereto as <u>Exhibit 1</u>. The Parties determined that the expense, and likely duration of this litigation militated in favor of early settlement. Significant factual investigation would be necessary regarding Defendants' defenses to the liquidated damages and the treble damages. Additionally, lengthy summary judgment litigation would have likely resulted to determine whether there was evidence to support the three-year statute of limitations and/or a lack of a *bona fide* dispute. The Parties stipulate that they are resolving this action in order to avoid the cost and time of litigation as well as the risks associated with continued litigation.

There is no claim or indication of fraud or collusion in the settlement.

Plaintiff and Defendants were each represented by experienced employment litigation counsel and firms. The lead attorney for the Plaintiff, Suvita Melehy is an experienced lawyer admitted to practice in December 1995.

Roy Lyford-Pike is counsel for Defendants Absolute Service Industries, LLC and Edwin Lopez. Mr. Lyford-Pike is an experienced employment lawyer admitted to practice in December, 2015. Since that time, Mr. Lyford-Pike has focused his practice on employment law, including representing dozens of plaintiffs and defendants in wage and overtime disputes under the FLSA and Maryland state analogues. Mr. Lyford-Pike is an associate at Zipin, Amster & Greenberg, LLC, a law firm that represents both employees and employers in employment disputes.

Counsel for the Defendant Gregory R. Tucker, Eduardo S. Garcia, is an experienced employment lawyer admitted to practice in December, 2014. Since that time, Mr. Garcia has focused his practice on employment law and commercial litigations, including representing dozens of plaintiffs and defendants in wage and overtime disputes under the FLSA and Maryland state analogues. Mr. Garcia is an associate at Stein Sperling Bennett De Jong Driscoll PC, a law firm that represents both employees and employers in employment disputes.

The Plaintiff is primarily a Spanish-speaker, with limited English skills. Plaintiff's counsel has made sure that all information in this case has been properly translated and explained to Plaintiff. Plaintiff has been well-informed of the status of this litigation.

Because the amount of any recovery was uncertain, all of the Parties, and counsel for all Parties, agreed that the amount of the total settlement from Defendants is fair and reasonable in relation to the potential recovery and collection.

As of April 15, 2019, the hourly attorneys' fees incurred by Plaintiff were $44,890.00 with litigation costs of $1,008.46. In order to achieve a settlement, given the defenses by the Defendants,

Plaintiff's counsel will forego any other claim for attorneys' fees and accept the $44,000.00 as full satisfaction of any claim for attorneys' fees and litigation costs.

The Parties attest and stipulate to the fairness and reasonableness of their settlement and request that the Court approve the settlement.

### IV.     Conclusion

The settlement negotiated through experienced counsel and reached by the Parties reflects a reasonable compromise of disputed issues. The Parties, through their respective attorneys, and with the advice and counsel of their respective attorneys, freely and voluntarily agreed to the settlement and deemed it to be fair and reasonable. The Parties further agree and stipulate that, upon approval by the Court of the settlement and payment made to Plaintiff pursuant to the settlement, Plaintiff will have received all wages owed by Defendants. The Parties therefore jointly request that the Court waive oral argument on this Motion and approve the Parties' settlement.

           Respectfully submitted,

           MELEHY & ASSOCIATES, LLC


By:      /s/ *Suvita Melehy*
      Suvita Melehy
      Omar Vincent Melehy
      Andrew Balashov
      8403 Colesville Road, Suite 610
      Silver Spring, Maryland 20910
      Tel: (301) 587-6364
      Fax: (301) 587-6308
      smelehy@melehylaw.com
      ovmelehy@melehylaw.com
      abalashov@melehylaw.com

*Attorneys for Plaintiff Tomasa Orellana*

(signed by Eduardo S. Garcia with permission of Suvita Melehy)

-and-

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC


By:       /s/ *Eduardo S. Garcia*
      Eduardo S. Garcia (07200)
      25 West Middle Lane
      Rockville, Maryland 20850
      301-340-2020
      301-354-8326 (fax)
      egarcia@steinsperling.com

*Attorneys for Defendant Gregory R. Tucker*


-and-


ZIPIN, AMSTER & GREENBERG, LLC


By:       /s/
      Roy Lyford-Pike
      Bar No. 19836
      8757 Georgia Avenue, Suite 400
      Phone: (301) 587-9373
      Fax:   (240) 839-9142
      rlpike@zagfirm.com

*Attorneys for Defendants Absolute Service Industries, LLC and Edwin Lopez*

(signed by Eduardo S. Garcia with permission of Roy Lyford-Pike)